**UNITED SUPERMARKETS, INC., Plaintiff,**

**v.**

**NATIONAL LABOR RELATIONS BOARD and John S. Irving, General Counsel, National Labor Relations Board, Defendants.**

Civ. A. No. CA–5–78–16.

United States District Court, N. D. Texas, Lubbock Division.

April 17, 1978.

Don Graf, William H. Harriger, II, McCleskey, Harriger, Brazill & Graf, Lubbock, Tex., for plaintiff.

Kenneth B. Hipp, Deputy Asst. Gen., Counsel for Sp. Litigation, N. L. R. B., Washington, D. C., Billy Ray Snow, Atty., N. L. R. B., Fort Worth Tex., for defendants.

## MEMORANDUM

WOODWARD, Chief Judge.

Pursuant to orders of the court, the attorneys for all parties appeared in open court on the 30th day of March, 1978 for the purpose of presenting evidence and argument on the complaint of the plaintiff, the motion for summary judgment filed by the defendants, and the motions to strike by the plaintiff and defendants. The court has now considered the pleadings and argument of counsel as well as the briefs that have been submitted by all parties.

In addition to the above, the court has carefully examined the following documents furnished for *in camera* inspection by the defendants:

File No. 1 containing approximately 25 statements and affidavits which were the subject of the plaintiff's request for disclosure under the Freedom of Information Act.

File No. 2 containing certain union authorization cards, a list of employees signing these cards, a check list for new "R" cases, a hearing officer's report, NLRB Form 4069 dated August 26, 1977, a memorandum dated November 1, 1977 which appears to be an intra-agency memorandum, and another NLRB Form 4069 dated November 1, 1977.

A third file containing an affidavit of Gilbert A. Barber and Dennis D. Patterson, who are affiliated with Local 368 of the Retail Clerks Union.

Each of the above documents will be filed and sealed by the Clerk for any necessary appellate review. Further, the court assumes that all of the documents required by both the plaintiff's original and amended complaints have been furnished to the court for *in camera* inspection, and it is upon this assumption that the following rulings of the court are based.

## I

The plaintiff's motion to strike certain portions of the affidavits of Gilbert A. Barber, Dennis D. Patterson, and C. E. Gresset as filed by the defendants is DENIED.

Further, the court has considered the motion of the defendants to strike the plaintiff's amended complaint and this motion is DENIED.

## II

The defendants' motion for summary judgment filed March 21, 1978, and the relief sought by the plaintiff in its original and amended complaints will be considered jointly in this memorandum. It should be noted that the plaintiff's amended complaint expands on its original request for production of documents under the Freedom of Information Act by requesting the production of all affidavits or statements taken by the Board regardless of whether or not the affiant is to testify at the hearing scheduled before the National Labor Relations Board on April 24, 1978.

With respect to the union authorization cards, the court is of the opinion that the plaintiff's prayer that such cards be furnished to it for inspection should be and the same is hereby DENIED. Likewise, the list of those signing such cards is also DENIED. It is this court's opinion that these authorization cards, as well as the list of those signing such cards, are exempt from disclosure under § 552(b)(6) of the Freedom of Information Act, 5 U.S.C. § 552. The rationale of the United States Court of Appeals for the Third Circuit in *Committee on Masonic Homes, etc. v. N. L. R. B.*, 556 F.2d 214 (3d Cir. 1977), is adopted and cited as authority for this position. There the *Masonic Homes* court found, as here, that disclosure of the cards would be a serious and unwarranted invasion of privacy when balanced against the potential gain to the public. Although *Masonic Homes* is the only appellate decision that is directly in point, the court is of the opinion that this exemption is applicable to these particular documents.

The NLRB Forms 4069, the check list for new "R" cases, and the memorandum of November 1, 1977 are, in the opinion of this court, also exempt from disclosure under the Act. Exemption 5, 5 U.S.C. § 552(b)(5), specifically exempts "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." These documents contain an exchange of opinion between personnel in the agency and matters relating to the deliberative processes of the agency—both of which elements were recognized by the Fifth Circuit in *Kent Corp. v. N. L. R. B.*, 530 F.2d 612 (5th Cir. 1976), as a basis for applying Exemption 5. Based upon the foregoing, the court is of the opinion that the above documents clearly come within this exemption and will not be ordered furnished.

However, the affidavits of Mr. Barber and Mr. Patterson, who are not employ-

ees or agents of the NLRB, are not exempt from disclosure by any exemption of the statute that has been cited to the court. The court is of the opinion that such affidavits should be furnished as nonexempt primary, factual information. *Robbins Tire & Rubber Company v. N. L. R. B.*, 563 F.2d 724, 735–36 (5th Cir. 1977). Further, the court can see no reason for not furnishing these affidavits in view of the fact that each of these parties testified at the hearing and two other affidavits, somewhat similar to these, were before the court at that time and were exhibited to opposing counsel. Thus, the court will order these two affidavits to be furnished.

■ The more difficult request concerns the plaintiff's prayer for all affidavits in the files of the NLRB pertaining to the plaintiff, the vast majority being statements and affidavits from employees and former employees of the plaintiff. Initially the plaintiff requested these statements and affidavits only from the witnesses who were to testify at the hearing before the NLRB but later broadened its prayer for relief by requesting all affidavits.

In the Fifth Circuit, the leading and controlling case is that of *Robbins Tire & Rubber Company v. N. L. R. B., supra,* and each of the parties to this case has relied on this holding to some extent.

Plaintiff asserts that the District Court and the Fifth Circuit authorized the furnishing of these affidavits and specifically held that Exemptions 7(A), 7(C), and 7(D), and 5 do not prevent disclosure under the Freedom of Information Act, and, in turn, that these exemptions are not applicable to affidavits in question in File No. 1 of this case.

The defendants assert, on the other hand, that although the Fifth Circuit ruled in *Robbins* that the affidavits were not exempt under the Freedom of Information Act, the *Robbins* decision was based on the lack of evidence from the Board tending to show a likelihood of intimidation. Thus, the defendants take the position that, under the *Robbins* rationale, Exemptions 7(A), 7(C), 7(D) and 5 would be applicable in cases where there is some risk of interference with Board proceedings in the form of witness intimidation or by harassment of an employee-witness prior to the hearing. In particular, the *Robbins* court noted the following factors which would bear upon such an inquiry: "whether the history of labor relations in the community and at the plant makes intimidation of these witnesses reasonably foreseeable; whether the witnesses work in jobs . . . or have records of job performance that make intimidation of them a likely result of disclosure; the nature of the testimony which the unknown affiants are expected to give."

Defendants submit that the evidence at the hearing before this court shows that such intimidation and harassment is likely to occur under the above factors. However, plaintiff points out that its witness testified that plaintiff still employs at its Amarillo stores not only employees who apparently supported the union but also union observers, whom he specifically named. He further stated that he knew of no instances where a charge had ever been filed or a complaint issued involving an allegation that the plaintiff had coerced, harassed, or attempted to intimidate an employee because he had filed charges or given testimony to the Board.

Mr. Barber and Mr. Patterson, witnesses for the Board at the hearing in this court, cited specific instances where employees feared employer retaliation against them for their support of the union, and these employees so expressed their fears to these witnesses. However, no specific instance has been cited to the court where any employee who had been engaged in past union activities at plaintiff's stores was discharged, and in those cases where there were some changes cited in working conditions of these employees, cross-examination indicated that other factors might be involved.

The evidence concerning the history of labor relations in the community is somewhat general and cannot be applied to the facts of this case as there is no competent evidence showing that labor relations in the

community would weigh in favor of non-disclosure. The plaintiff has been subject to several organizing efforts by various unions in the Lubbock and Amarillo area. In each of these cases, the plaintiff-company has prevailed in the resulting elections with the exception of an election held on August 26, 1977 at the 7 United stores in Amarillo, Texas pertaining to the meat market employees. No complaints have been issued by the Board of any unfair labor practice charges in any of these organizing efforts with the exception of one which was withdrawn by the complainant after the NLRB found no merit in the charge. Based upon the foregoing, it does not appear that a history of the labor relations at the plant makes intimidation of these witnesses reasonably foreseeable.

As indicated by testimony, the jobs held by the affiants-employees are of a nature that these employees could be intimidated through various transfers and re-assignments to more menial tasks, however the evidence does not support any history of this type of intimidation or harassment.

The *in camera* examination of the affidavits and statements by the court indicates that the nature of the testimony that is to be given is purely factual and is not of an inflammatory type. It does not appear that there is anything in the nature of the testimony that would make intimidation of these witnesses reasonably foreseeable.

All of the statements in question were given under some representation as to confidentiality, but in each case it was recognized that the statements might have to be produced by the Government in a "formal proceeding." As this court understands it, these statements nevertheless would be revealed by the defendants after the witnesses have testified at the hearing on April 24, 1978. It should also be noted that the Fifth Circuit further indicated that should an employer attempt any form of witness intimidation of an employee-witness, such harassment would constitute an unfair labor practice under 29 U.S.C. § 158(a)(4). *Robbins Tire & Rubber Company v. N. L. R. B.*, *supra*, at 732.

Weighing each of the above factors carefully and having reviewed the evidence before it, this court is of the opinion that witness intimidation or witness harassment is not reasonably foreseeable within the time period prior to the hearing in which the plaintiff will have such statements in its possession. Further, in balancing the above factors and evidence, the court is of the opinion that the purposes of the Freedom of Information Act should prevail in this case. Thus, the statements and affidavits of all witnesses possessed by the Board who are to be called as witnesses should be furnished to the plaintiff at least five (5) days prior to the hearing.

The furnishing of affidavits of scheduled witnesses will not be exempt under Exemption 7(D), as the confidentiality of the source will be violated with each witness's appearance before the Board at the hearing. However, as to the statements and affidavits by those affiants who will not appear as witnesses at the Board hearing, this court is of the opinion that, due to the confidentiality and circumstances surrounding the giving of these statements, Exemption 7(D) is applicable and these will not be ordered furnished.

A judgment will be entered accordingly.