**Gregory F. COOK, Plaintiff, pro se,**

v.

**James G. WATT, Secretary of the Interior, Defendant.**

**No. J82–006 CIV.**

United States District Court,
D. Alaska.

Nov. 22, 1983.

See also, D.C., 597 F.Supp. 552.

Gregory F. Cook, Juneau, Alaska, pro se.

Michael Spaan, U.S. Atty., Anchorage, Alaska, for defendant.

## MEMORANDUM AND ORDER

VON DER HEYDT, District Judge.

THIS CAUSE comes before the court on plaintiff's motion for summary judgment on his appeal of the Department of Interior's determination to deny plaintiff's Freedom of Information Act (FOIA) request for disclosure of certain requested documents. The defendant has cross-moved for summary judgment in its favor.

### I. FACTUAL BACKGROUND.

In November 1981, plaintiff submitted identical FOIA requests to the Washington, D.C. and Anchorage, Alaska offices of the Office of the Solicitor, United States Department of the Interior. The plaintiff requested:

 (a) Solicitor's Opinion # M–36914, 86 I.D. 55 (1979).

(b) Any opinions, either formal or informal, and any memoranda analyzing or otherwise discussing the legal relationship (if any) between the federal government's trust relation towards the Indian tribes and subsistence rights or privileges of Alaska Natives.

DOI determined that there were no Solicitor's Opinions on the identified subject and that the only documents touching on the subject were intra and inter department memoranda generated by DOI in the context of lawsuits in which legal issues touching the subject had been raised. Twenty-six documents were identified. Nineteen of the twenty-six documents have been withheld under claims of privilege pursuant to 5 U.S.C. § 552(b)(5). The attorney work-product privilege was claimed as a source of exemption for twelve documents. The executive privilege or deliberative process privilege was claimed for all nineteen documents.

## II. STANDARD OF REVIEW.

■ The court is authorized by statute to determine this matter de novo. The burden is on the defendant agency to sustain its decision to withhold the documents at issue. 5 U.S.C. § 552(a)(4)(B). The allocation of the ultimate burden to the agency is altered somewhat by the summary nature of the decision before the court: Even under the Freedom of Information Act, the burden remains on the party moving for summary judgment to establish the absence of genuine factual disputes, regardless of where the burden would be at trial. *See Long v. Bureau of Economic Analysis*, 646 F.2d 1310, 1320–21 (9th Cir.1981). In this instance, the defendant agency responded to plaintiff's motion for summary judgment by requesting deferral on plaintiff's motion until the completion of a court ordered *Vaughn* Index. The defendant has never filed a statement of genuine is-

sues to identify fact issues to be tried, pursuant to Local Rule 5(E)(2). Indeed, the defendant has indicated its belief that the matter can be resolved on summary judgment. *See* Opposition to Plaintiff Summary Judgment Motion at 5–6. Following completion of the *Vaughn* Index defendant also moved for summary judgment. On its own motion, the court conducted an in camera review of the documents at issue. After oral argument the court requested and has reviewed further evidentiary materials regarding the existence of a deliberative process and a supplementation of the *Vaughn* Index with respect to one document.

After a review of affidavits on file and the documents themselves, and in light of the failure of the parties to file statements of genuine facts needing trial,[1] the court concludes that no genuine issues of fact are present to preclude summary resolution.

## III. ATTORNEY WORK–PRODUCT.

■ An attorney's work-product is excluded by Exemption 5 from mandatory discovery under the Freedom of Information Act. 5 U.S.C. § 552(b)(5). The work-product is protected without regard to the current status of the litigation for which it was prepared. *Federal Trade Commission v. Grolier, Inc.*, 462 U.S. 19, 103 S.Ct. 2209, 76 L.Ed.2d 387 (1983). The government claims that twelve of the nineteen documents at issue (*Vaughn* Index 1, 12, 13, 15, 16, 17, 18, 19, 20, 21, 23, 24) are protected under this exemption. The plaintiff claims at the outset that the government is estopped from raising the attorney work-product privilege inasmuch as the privilege was not raised on the administrative level.[2]

---

**1.** The plaintiff stated at oral argument that there were genuine issues of material fact which precluded judgment for the defendant on the issue of whether certain documents represented the working law of the agency. The court finds no genuine issues of fact on that issue.

**2.** Responses to plaintiff's agency requests cited either a document's status as predecisional internal memoranda or the attorney-client privilege as grounds for denial. *See* Defendant's Ex. 2 to Motion for Summary Judgment, attachments B, C, F.

**548**

In support of his position, plaintiff cites the court to *Burlington Truck Lines v. U.S.*, 371 U.S. 156, 83 S.Ct. 239, 9 L.Ed.2d 207 (1962) for the proposition that post-hoc arguments offered at the district court level may not be employed to justify agency action when the grounds were not invoked by the agency in its decision-making. *See also Securities & Exchange Comm. v. Chenery Corp.*, 332 U.S. 194, 196, 67 S.Ct. 1575, 1577, 91 L.Ed. 1995 (1947). Although plaintiff's assertion may have merit when the court engages in limited judicial review under the arbitrary and capricious or substantial evidence standards of the APA, 5 U.S.C. § 706(2)(A)–(E) (1982), neither the cases cited nor the rationale of limited judicial intrusion into agency decision-making support the application of that principle to de novo determinations of FOIA requests pursuant to 5 U.S.C. § 552(a)(4)(B) (1982). To the contrary, case law suggests that while arguments may not be raised for the first time on appeal from a district court's decision, to raise arguments for the first time at the district court proceedings is not improper. *Ryan v. Dept. of Justice*, 617 F.2d 781, 792 (D.C.Cir.1980) *citing Jordan v. United States Department of Justice*, 591 F.2d 753, 779 (D.C.Cir.1978). In *Jordan*, the Court of Appeals discussed a claim of exemption, (b)(2), which was raised for the first time at the district court level. *See* 591 F.2d at 763, 779. Accordingly, the court concludes that the defendant may raise the attorney work-product exemption for the first time at these proceedings. *Cf. Jordan*, 591 F.2d at 791 (MacKinnon, J. dissenting) (failure to cite all grounds not unreasonable).

The attorney work-product privilege does not extend to every written document prepared by an attorney; more narrowly, the exemption protects documents initially prepared in contemplation of litigation or in the course of preparing for trial. *Jordan*, 591 F.2d at 775. Plaintiff asserts, moreover, that the defendant must establish that the attorneys who prepared the documents would be involved as advocates for the agency's position in the course of litiga-

tion. The Court of Appeals for the District of Columbia noted but did not decide whether such a distinction would be applied to further narrow the attorney work-product exemption. *See Coastal States Gas Corp. v. Dept. of Energy*, 617 F.2d 854, 865 n. 21 (D.C.Cir.1980).

The issue arises in the instant case since eleven of the twelve documents withheld under the claim of attorney work-product privilege were generated by attorneys in various divisions of the Solicitor's office. The Solicitor's office, however, would not be responsible for litigating those cases in contemplation of which the documents were prepared. That responsibility lay with attorneys in the Department of Justice.

Plaintiff has failed to cite the court to any decision which explores the issue only noted by the Court of Appeals in *Coastal States*. Moreover, in this case there is not an abrupt division of litigation responsibilities between the Department of Justice and the Solicitor's office in the Department of Interior. Since the client's attorney and the eventual litigators cooperate to prepare a litigation strategy, it would disserve the goal of effective legal representation to protect the work-product of the litigator but not the client's attorney. The court concludes, therefore, that to the extent it is necessary for attorneys claiming the work-product privilege to be responsible for the litigation, attorneys within the divisions of Interior's Office of the Solicitor have sufficient responsibility for the litigation to claim the privilege.

Following an in camera inspection, the court concludes that the following documents are attorney work-products prepared in anticipation of litigation or for trial and are exempt from disclosure: *Vaughn* Index 1, 12, 13, 15, 20, 21, 23, 24. It is apparent from the contents of these documents that each was prepared in contemplation of pending litigation and in an obvious effort to influence or discuss litigation strategy. Document 1 requests a delay or greater equivocation in the language of a

proposed litigation report for *Togiak v. Andrus.* Documents 12 and 13 review the complaint in *Hobson v. Kreps* in an effort to prepare the Solicitor for interagency discussions and to make litigation strategy recommendations. Document 15 reviews the district court's decision in *North Slope Borough v. Andrus* and recommends grounds for an appeal. Document 21 is a letter from a Department of Justice attorney to the Solicitor confirming a litigation posture in an appeal from *Hobson v. Kreps.* Document 23 is a draft memorandum discussing trust responsibility. The draft discusses a brief prepared by petitioner North Slope Borough in *State of California, et al. v. Andrus,* Civil No. 80–1991. Document 24 is a litigation report prepared for that litigation.

■ Documents 16, 17, 18 and 19 present closer questions with respect to the work-product exemption. Unlike the documents described above, it is not apparent that these documents were prepared in anticipation of litigation or for trial. Contrary to the government's assertion in the Index of Documents and in its memorandum in support of summary judgment, these documents do not expressly set forth suggestions or recommendations for litigation strategy. These four documents are best characterized as research and analyses of the nature and extent of the federal government's trust responsibility to Alaskan natives.

The court concludes, in balancing the strong interests of the public in access to information against the goal of ensuring effective legal representation within the framework of the adversary system, that these documents are not protected by the attorney work-product privilege. *See Jordan,* 591 F.2d at 775, *Coastal States,* 617 F.2d at 864. This conclusion rests not only on a careful review of the contents of the document, but on the defendant's failure to carry its burden of proof in establishing by extraneous means that these documents were prepared in contemplation of litigation. *Cf. Coastal States,* 617 F.2d at 861 (agencies must supply sufficient informa-

tion to allow court to conclude decision to withhold was correct). While it is stated in one of the memoranda that the trust responsibility question was an issue raised in the appeal of *North Slope Borough v. Andrus,* there is nothing in the documents themselves or in affidavits on file which establishes that these four documents were prepared in contemplation of Interior's appeal in *North Slope Borough v. Andrus.*

## IV. DELIBERATIVE PROCESS.

■ The defendant claims that each of the nineteen documents withheld is protected from discovery by the "deliberative process" privilege of exemption (b)(5). This privilege attaches to inter and intra-agency communications that are part of the deliberative process preceding the adoption and promulgation of an agency policy. *Jordan,* 591 F.2d at 772. The privilege serves "to assure that subordinates within an agency will feel free to provide the decision maker with their uninhibited opinions and recommendations ...; to protect premature disclosure of proposed policies ...; and to protect against confusing the issues and misleading the public...." *Coastal States Gas Corp.,* 617 F.2d at 866.

■ Notwithstanding its significant purposes, the privilege is narrowly construed. Moreover, the FOIA embodies a strong policy that the public is entitled to know what its government is doing and why. Accordingly, the exemption is to be applied as narrowly as consistent with efficient government operation. *Coastal States Gas Corp.,* 617 F.2d at 868.

After a review of the nineteen documents and the affidavits on file, the court requested further briefing and appropriate evidentiary materials on the issue whether a decision-making process presently exists within the Department of Interior to determine the nature and extent of the Department's trust responsibilities to Alaska Natives.

In response, the defendant submitted a supplemental affidavit of Scott Keep. Mr. Keep is an Assistant Solicitor within the

Solicitor's office and is responsible for providing legal services to Interior on matters relating to Alaska Natives. Aff. of Scott Keep, ¶ 1, 3. According to Keep, there is no "currently active plan" for making a general determination as to the nature and extent of the Department's trust responsibilities to Alaska Natives. Keep further states that work on a proposed Solicitor's opinion on the subject has been held in abeyance since mid-1981. Supplemental Aff. of Scott Keep, at ¶ 2. Keep's description contrasts with his earlier statements on October 7, 1982 that disclosure of these documents would "hinder *further ongoing deliberations* within the Department as to the final Department position." *See* Aff. of Scott Keep, ¶ 15. Keep's most recent statement raises two issues: Was there ever a deliberative process, the products of which are exempt from disclosure? If so, when that deliberative process is held in abeyance, in effect as the result of a policy to address the trust issue on a case by case basis, can the product of the abandoned deliberative process be withheld from the public?

 With respect to the showing required from the defendant to establish a deliberative process, the agency has the burden of establishing what deliberative process is involved, and the role played by the documents in issue in the course of the process. *Vaughn v. Rosen,* 523 F.2d 1136, 1146 (D.C.Cir.1973) (*Vaughn II*). In *Vaughn II,* the Court of Appeals stated that the absence of a final decision did not *necessarily* preclude the presence of a deliberative process, but was only indicative of the government's failure to isolate from the 17 five-drawer filing cabinets of documents those deliberative portions. In this case, a deliberative process is evident from the documents. The process is not well-defined by the government, nor was it apparently ever formally conceived, but the court does recognize a give-and-take between the divisions of the agency aimed at least at airing the positions within Interior. The difficulty, of course, is that the process has now been concluded—or, in the government's words—held in abeyance—without

reaching a final decision. Had a final decision been reached, that decision and the reasoning behind it would be subject to public scrutiny, either as the working law of the agency or under § 552(a)(1)(D).

The government wants the best of both worlds—both the screen of a deliberative process behind which to formulate policy and the option to suspend deliberations and go about its business behind the screen of privilege. Alaskans and the public in general have, however, an interest in decisions deferred, avoided or simply not taken for whatever reason, equal to their interest in decisions made. *See Vaughn II,* 523 F.2d at 1147.

 The strength of this interest counsels the court to order the release of the frequently revised and now deferred draft Solicitor's Opinion on the nature and extent of the Department of Interior's trust responsibility to Alaska Natives, document 25. Release of this document will not, in the court's opinion, interfere with the efficient operation of government. Its release will not unduly chill the candor of inter or intra-agency discussion since this document, unlike memoranda from other divisions which comment upon it, was drafted and revised for the eventual purpose of public release. Its release will not confuse the public to any greater extent than the government's decade of silence. The possibility that the public may be misled to believe that the document represents a final, reconciled agency position when there may yet be disagreement with the agency is outweighed by the public's right to know its government's present analysis and the reasons supporting it. Finally, while the remaining documents are, on their faces, predecisional and recommendatory in nature, document 25 lacks these attributes and, instead appears to be a decision document itself. Unlike other documents, document 25 does not by itself carry the government's burden to show what deliberative process was in progress. The government's affidavits taken as a whole do not carry that burden.

A second line of cases in which the "working law" exception to the deliberative process privilege is developed also supports release:

> FOIA imposes on the Agency the burden "to sustain its action" in withholding documents. The Agency must thus carry the burden of establishing that documents contain 'the ideas and theories which go into the making of the law' and not 'the law itself, ...' This involves showing 'what deliberative process is involved, and the role played by the documents in issue in the course of that process.' To establish that documents do not constitute the 'working law' of the agency, the agency must present to the court the 'function and significance of the document[s] in the agency's decision making process,' 'the nature of the decision making vested in the office or person issuing the disputed document[s],' ... and the positions in the chain of command of the parties to the documents.

*Arthur Andersen & Co. v. IRS*, 679 F.2d 254, 258 (D.C.Cir.1982) (citations omitted). At the threshold the court must determine which of the parties carries the burden to establish the existence or nonexistence of an agency policy and to identify or eliminate documents as part of the working law. Defendant cites *NLRB v. Sears, Inc.*, 421 U.S. 132, 95 S.Ct. 1504, 44 L.Ed.2d 29 (1975) and *Renegotiation Board v. Grumman Aircraft Engineering Corp.*, 421 U.S. 168, 95 S.Ct. 1491, 44 L.Ed.2d 57 (1975) for the proposition a predecisional document cannot become disclosable working law until it is evident through some expression of the agency that the document was in fact so adopted or used. If this is the standard, the defendant's assertions in the index of documents and its memorandum that the documents do not establish an agency position on the trust responsibility issue which has been implemented suffices to preserve the predecisional character of each document. The court concludes, however, that the Supreme Court's decision in *NLRB v. Sears* does not establish the burden of proof proposed by the defendant. In *NLRB v. Sears*, the Supreme Court held that if an agency *chooses expressly* to adopt or incorporate a predecisional memorandum in what would be a final opinion, the adopted memorandum loses its deliberative process protection. 421 U.S. at 161, 95 S.Ct. at 1521. This court does not consider that holding to set out the minimum action an agency must take before a predecisional document loses its privileged status. The court finds instead that the statement above of the Court of Appeals in *Arthur Andersen* expressly summarizes the allocation of the burden.

The government has failed to establish that document 25 merely contains the ideas that go into the law and is not the law itself. With respect to plaintiff's argument, the court is not persuaded that the government's non-committal answers to interrogatories conclusively proves that the view that there are no non-statutory trust responsibilities owed to Alaska Natives is the working law of the agency. The inference that the resource policy decisions identified by plaintiff were simply made without reference to a trust responsibility policy might also be drawn from the government's answers. The plaintiff's interrogatories and the answers thereto do, however, permit the inference that resource and subsistence decisions which implicate a policy on the trust responsibility have been made, i.e. that there is working law on the issue. The effect of this inference, which the court accepts, is to even more squarely burden the defendant to show that the views espoused in document 25 are not the working law of the agency.

Defendant has admitted that no current deliberative process is underway. Moreover, recurring decisions faced by Interior necessarily implicate to some degree the government's policy on the trust responsibilities. *See* Defendant's Answers to Interrogatories, Docket # 39. In light of this, the court believes it is the defendant's burden to show not only that a formal policy has not been announced, but to explain how the Department can conduct its business in the absence of working law on this issue or

otherwise what, if not the revised and updated document 25, is the working law. Defendant has not carried this burden.

According to the reasoning set out above, IT IS ORDERED:

(1) THAT defendant's motion for summary judgment is granted with respect to Vaughn Index documents 1, 12, 13, 15, 20, 21, 23, 24 and that these documents are exempt from disclosure under the attorney work-product privilege, 5 U.S.C. § 552(b)(5).

(2) THAT defendant's motion for summary judgment is granted with respect to Vaughn Index documents 6, 10, 11, 14, 16, 17, 18, 19, 22 and 26 that these documents are exempt from disclosure under the deliberative process privilege, 5 U.S.C. § 552(b)(5).

(3) THAT defendant's motion for summary judgment is denied with respect to document 25.

(4) THAT plaintiff's motion for summary judgment is granted with respect to document # 25 and denied as to all other documents.

(5) THAT the Clerk shall prepare a form of final judgment stating: "In conformity with the court's memorandum and order of November 22, 1983, it is hereby ordered that the defendant shall release to the plaintiff Vaughn Index document 25. In all other respects, the plaintiff's Freedom of Information Act appeal is denied."

(6) THAT the order to release document 25 shall be held in abeyance during the time permitted by law for appeal and thereafter as appropriate in the event of appeal.