**Alan P. STRANG, Plaintiff,**

v.

**Rosemary COLLYER, Defendant.**

**Civ. A. No. 87–2418.**

United States District Court, District of Columbia.

March 31, 1989.

---

**10**

Hugh L. Reilly, Nat. Right to Work Legal Defense Foundation, Inc., Springfield, Va., for plaintiff.

Margery E. Lieber, Asst. General Counsel for Sp. Litigation, N.L.R.B., Washington, D.C., and Diane Rosse, for defendant.

## MEMORANDUM OPINION

SPORKIN, District Judge.

Plaintiff, Alan P. Strang, filed this claim for declaratory judgment and injunctive relief under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Defendant,

Rosemary Collyer, is the General Counsel of the NLRB.

On October 22, 1985, in a separate proceeding, plaintiff filed an unfair labor practice charge with the National Labor Relations Board ("NLRB"). In that proceeding plaintiff alleged that defendant failed, for an unreasonable period of time, to dismiss the unfair labor practice charge or to issue the appropriate complaint.[1] Plaintiff alleges that defendant has taken positions adverse to plaintiff's unfair labor charge and that such adverse positions were taken in the case of *Communications Workers Union v. Beck,* 776 F.2d 1187 (4th Cir.1985) *cert. granted,* 479 U.S. 1004, 107 S.Ct. 641, 93 L.Ed.2d 698 (1987), in which the defendant stated her position in an *amicus* brief. Plaintiff contends that defendant holds conflicting positions as prosecutor under 3(d) of the National Labor Relations Act, 29 U.S.C. § 153(d), and as "counsel" making policy determinations for NLRB.

Plaintiff filed an initial request with the NLRB seeking all notes, documents, memoranda, reports, transcripts, correspondence and any other tangible materials relating to the General Counsel's position in the *amicus* brief in *CWA v. Beck.* Plaintiff contends that this information is necessary in order to determine: (1) the procedures employed in defendant's evaluation of plaintiff's NLRB action; (2) whether the dual and potentially conflicting roles of defendant may have had an adverse impact upon and caused the protracted delay in the NLRB case; and (3) whether the positions taken by defendant in plaintiff's case were accurately stated.

On March 10, 1987, NLRB denied the FOIA request. The denial was based on the agency's finding that all the documents requested were exempt from disclosure because they embody the deliberative and consultative process privilege under 5 U.S.C. § 552(b)(5). Further, the agency found that some of those same documents were also exempt as attorney work product, 5 U.S.C. § 552(b)(5), and as records

---

1. Under the procedure for adjudicating unfair labor practice cases, NLRB either files a complaint, or notifies the complaining party of the decision not to proceed and of his right to appeal.

compiled for law enforcement purposes, 5 U.S.C. § 552(b)(7)(A).[2]

A subsequent appeal to the Director of the Office of Appeals for the General Counsel was denied. As a result, plaintiff filed this complaint under FOIA. Plaintiff initially contended that he was unable to discern the applicability of the claimed exemptions to the records which he requested. Accordingly, he requested an index under *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir.1973), *cert. denied*, 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974). Pursuant to a stipulation entered into at a November 4, 1987, status conference before this Court, defendant has produced the requested *Vaughn* Index. Plaintiff also requests that this court order defendant to permit him access to all the requested records and award plaintiff costs and reasonable attorneys' fees in this action.

This matter is now before the Court on Defendant's Motion for Summary Judgment. Plaintiff points out that he does not seek production of documents. He asks only that the *Vaughn* Index be modified to provide details of sufficient specificity to overcome the defendant's burden of demonstrating the applicability of the exemptions invoked.

Plaintiff opposes the Motion for Summary Judgment on the grounds that there are material facts in dispute. Upon review of the record in this case, I find that there are no material facts in dispute and that the *Vaughn* Index supplied is sufficiently specific to overcome the defendant's burden of demonstrating the applicability of the claimed exemptions.

## DISCUSSION

The purpose of FOIA Exemption 5, which includes exemptions for both deliberative process and work product, is to facilitate " 'frank discussion of legal or policy matters' in writing [which] might be inhibited if the discussion were made public." *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 150, 95 S.Ct. 1504, 1516, 44 L.Ed.2d 29 (1975) (quoting S.Rep. No. 813, 89th Cong.,

1st Sess. 3, p. 9 (1965)). Congress feared that if such discussions were made public, the decisions and policies formulated would be poorer as a result. In light of the purpose of the privilege, a determination should be made as to whether the information sought is one that would injure the quality of agency decisions, and therefore would fall within the scope of the privilege.

*Exemption 5 The Deliberative Process Privilege*

■ In *Paisley v. C.I.A.*, 712 F.2d 686 (D.C.Cir.1983), the Court of Appeals articulated two requirements for the Deliberative Process Privilege. The requirements are: (1) that the "documents must be 'pre-decisional,' i.e. they must be generated 'antecedent to the adoption of agency policy' " *id.* at 698 (quoting *Jordan v. U.S. Dep't of Justice*, 591 F.2d 753, 774 (D.C.Cir.1978)), and (2) the documents must be 'deliberative' in nature, reflecting the 'give and take' of the deliberative process and containing *opinions, recommendations, or advice about agency policies.*" *Paisley*, 712 F.2d at 698 (emphasis added).

In order for a court to find a document pre-decisional, the Court must be "able to pinpoint an agency decision or policy to which the document contributed. The agency bears the burden of establishing the character of the decision, the deliberative process involved, and the role played by the documents in the course of that process." *Id.*

There are essentially three categories of materials for which the defendant has claimed the deliberative process privilege. They are: (1) drafts of the *amicus* brief, *see Vaughn* Index A1–5, 8, 11–15, 17, 27; B1–5, 8 & 9, 13, 16; (2) memoranda regarding opinions, recommendations, analyses of issues of the case, and proposed positions of the NLRB members regarding the petition for certiorari ("intra-agency memoranda"), *see, e.g., id.* A9 & 10, 16, 18, 19, 21, 26, B6, 10–11, 14; and (3) notes taken at various meetings, *see, e.g., id.* A6 & 7, 22–25, B21.

---

**2.** Defendant later withdrew exemption 7.

Upon review of the record, I find that the drafts are pre-decisional in that they show the shaping of the Board's position regarding the petition for certiorari in the *Beck* case. In *Exxon Corporation v. Department of Energy*, this Circuit stated that "[d]raft documents, by their very nature, are typically pre-decisional and deliberative. They 'reflect only the tentative view of their authors; views that might be altered or rejected upon further deliberation either by their authors or by superiors,'" 585 F.Supp. 690, 698 (D.C.1983) (quoting *Pennzoil v. Department of Energy*, 4 Energy Mgt. (CCH) 26,340, at 28,606–07, 1981 WL 1281 (D.Del.1981)). Moreover, "the disclosure of editorial judgments—for example, decisions to insert or delete material or to change a draft's focus or emphasis—would stifle the creative thinking and candid exchange of ideas necessary to produce good historical work." *Dudman Communications v. Dept. of Air Force*, 815 F.2d 1565, 1569 (D.C.Cir.1987). The requested drafts are exempt from disclosure because they reflect the agency's decision-making process and their disclosure would injure the quality of agency decisions.

The intra-agency memoranda contain analyses of issues and recommendations by the NLRB members regarding the position to be taken by the NLRB in the *Beck* case. These documents are pre-decisional in that they were prepared before a final position was taken by the NLRB and before a first draft of the Board's *amicus* brief was composed. The final position is stated in the *amicus* brief filed with the Supreme Court. Since these documents show the give-and-take of the deliberative process they are deliberative in nature.

These memoranda were either memoranda circulated among staff members or they were memoranda sent by the General Counsel to the Board providing views and advice regarding the position to be taken in the *Beck* case. These varying opinions were later consolidated into the official position of the Board in the *Beck* case. Given their role in the NLRB's decision making process these memoranda are exactly the type of records the deliberative process privilege was intended to protect.

Similarly, the notes taken at meetings contain an account of "the exchange of opinion between personnel in the agency," *United Supermarkets, Inc. v. NLRB*, 449 F.Supp. 407, 409 (N.D.Tex.1978), and/or "a give-and-take between the divisions of the agency aimed at least at airing the positions within the [agency]," *Cook v. Watt*, 597 F.Supp. 545, 550 (D.Alaska 1983). Therefore, these notes fall within exemption 5 because they "reflect the agency's group thinking in the process of working out its policy." *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 153, 95 S.Ct. 1504, 1517, 44 L.Ed.2d 29 (1975). These notes are a part of the deliberate process in arriving at the final position taken in the *Beck* case.

This court finds that the government has met the burden of showing that all three categories of documents for which the deliberative process privilege is claimed are pre-decisional and deliberative and, accordingly, are exempt from FOIA disclosure.

*The Work Product Exemption*

■ In *National Labor Relations Board v. Sears, Roebuck & Co.*, the Court stated that "the attorney's work product rule ... clearly applies to memoranda prepared by an attorney in contemplation of litigation which set forth the attorney's theory of the case and his litigation strategy." 421 U.S. 132, 154, 95 S.Ct. 1504, 1518, 44 L.Ed.2d 29 (1975). In *FTC v. Grolier*, 462 U.S. 19, 103 S.Ct. 2209, 76 L.Ed.2d 387 (1983), the Court stated that to allow disclosure of material exempt in previous litigation would give the adversary insight into the agency's general strategic and tactical approach and that such disclosures would inhibit government agencies in their creation and retention of written work product that could later be used by an unrelated opponent. Further the Supreme Court has stated that the work product privilege survives the litigation for which it was prepared. *See FTC. v. Grolier*, 462 U.S. 19, 103 S.Ct. 2209, 76 L.Ed.2d 387 (1983).

The notes concerning the meetings are also exempt under the work product privilege. *See Cities Services Co. v. FTC*, 627

F.Supp. 827, 834 (notes taken at meetings "demonstrate a weighing and analysis of matters which might affect directly the Commission's litigation strategy in the future").

Here, the purpose of the meetings was to formulate and prepare the position of the NLRB in response to the Supreme Court's request. For these same reasons the intra-office memoranda are exempt under the work product privilege.

The defendant also claims the work product privilege for handwritten documents containing legal research. These notes show the shaping of defendant's legal theories and were developed in contemplation of litigation. Accordingly, they are exempt.

*Conclusion*

Upon review of the record in this case, this court concludes that there are no material facts in dispute and that the *Vaughn* Index supplied has sufficient information for this court to conclude that the materials listed are exempt.

Accordingly, an appropriate order accompanies this opinion.

## ORDER

On this date, the Court issued its opinion in the above titled action. Based on the reasoning set forth in that opinion and the record in this case, it is

ORDERED that Defendant's Motion for Summary Judgment be and hereby is granted.